# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  **v.**             **Case No. 01-CR-193**

**MARCUS CALDWELL**
   **Defendant.**

---

## <u>DECISION AND ORDER</u>

Defendant Marcus Caldwell pleaded guilty to racketeering, and on January 17, 2003, I sentenced him to 360 months in prison, the low end of his guideline range, followed five years of supervised release. I later reduced the prison term to 188 months. He was released by the Bureau of Prisons and commenced supervision on December 18, 2015.

On April 2, 2018, defendant filed a motion for early termination of supervised release. The district court may, after considering the pertinent factors under 18 U.S.C. § 3553(a), terminate supervision at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1).

The district court possesses wide discretion in deciding whether to grant early termination. <u>United States v. Hook</u>, 471 F.3d 766, 771 (7th Cir. 2006). However, courts considering such requests have generally required more than mere compliance before granting early termination. <u>E.g.</u>, <u>United States v. Edmonds</u>, No. 05-CR-41, 2018 U.S. Dist. LEXIS 78092, at *2 (E.D. Wis. May 9, 2018). They have tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than

fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision term.  Id. at *2-3.  The defendant bears the burden of demonstrating that early termination is warranted.  Id. at *3.

In his letter-motion, defendant indicates that since release he has maintained employment, strengthened his bond with his children and grandchildren, and avoided police contact.  He admits a slip up with cannabis but indicates that he completed drug treatment.  The update report I obtained from the probation office essentially confirms these facts.  Defendant has maintained a stable residence and employment in Texas, but he has violated his conditions through the use of marijuana.

Defendant fails to establish that early termination is warranted.  The court expects those on supervision to work, attend to their family responsibilities, and avoid new violations of the law.  E.g., United States v. Smith, No. 09-CR-20, 2016 U.S. Dist. LEXIS 18467, at *3 (E.D. Wis. Feb. 15, 2016).  Defendant makes no claim that supervision hinders his rehabilitation or that the originally imposed term should be shortened based on some new or unforeseen circumstance.

Further, continued supervision is appropriate under the § 3553(a) factors.  Defendant committed a serious offense in this case, with racketeering predicates of conspiracy to commit murder, drug distribution, and armed robbery.  He also has a significant prior record, including convictions for resisting, bail jumping, and drug distribution.  Continued supervision is appropriate to protect the public and deter.  18 U.S.C. § 3553(a)(2)(B) & (C).  It is also appropriate to address correctional treatment needs given his issues with marijuana.  18 U.S.C. § 3553(a)(2)(D).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 538) is denied.  I will also transfer jurisdiction of this matter to the Southern District of Texas, as defendant appears to have no plans to return to this district.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge